ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 JAN 24 PM 12:23

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| CARLTON SMITH, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 312-082 |
| | ) | |
| PHILIP R. WEST, Superior Court Judge, Dodge County, and MATTHEW B. CROWDER, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Telfair State Prison in Helena, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint[1] was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may

---

[1] After he submitted his complaint, Plaintiff submitted a document entitled "Amended Complaint" which was intended to supplement his original complaint. (Doc. no. 7.) Because Defendants have neither been served nor filed an answer, Plaintiff is authorized to amend his complaint as a matter of right. See Fed. R. Civ. P. 15(a)(1). While the preferred method for amendment is to include all allegations in a single document rather than amending in a piecemeal fashion, the Court will in this instance read Plaintiff's "Amended Complaint" in conjunction with his original complaint. Accordingly, the documents that the Court will proceed to screen include Plaintiff's original complaint, as well as his subsequently filed "Amended Complaint." (Doc. nos. 1, 7.) For ease of reference, the Court will hereinafter refer to these two documents collectively as Plaintiff's "complaint."

dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

## I.  SCREENING OF PLAINTIFF'S COMPLAINT

### A.  BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names as Defendants: (1) the Honorable Philip R. West, a Superior Court Judge in Dodge County, Georgia, and (2) Matthew B. Crowder, a "special assistant state attorney general" and attorney for the State in Plaintiff's state habeas corpus action. (Doc. no. 1, pp. 1, 4, 5-6.) Plaintiff alleges that he filed a state habeas corpus petition on February 21, 2012 (doc. no. 7, p. 2), and that he appeared before Judge West for an evidentiary hearing on May 15, 2012 (doc. no. 1, p. 5). Plaintiff asserts that Defendant Crowder filed a motion to dismiss "as successive based on a statute not legally amendable to the grounds asserted in [Plaintiff's] habeas petition." (Id.) Plaintiff reports that the state habeas court heard argument on the motion to dismiss, and that, after Plaintiff "rebutted the motion," Judge West instructed Plaintiff to file a rebuttal brief within thirty days and terminated the evidentiary hearing without hearing further argument. (Id.)

According to Plaintiff, Defendant Crowder filed a "frivolous motion to impede [Plaintiff's] constitutional right to an evidentiary hearing . . . ." (Id. at 6.) Plaintiff asserts that an evidentiary hearing on the "nonwaivable" claim would require "the respondent to produce the trial court records and transcripts and that would include unrefutable [sic] evidence of [] [P]laintiff's claim . . . ." (Doc. no. 7, p. 2.) Plaintiff alleges that Defendants have "conspired to deny [P]laintiff any meaningful evidentiary hearing." (Id.)

2

Plaintiff reports that he appeared before Judge West again on August 21, 2012, and was told that the state habeas court had "failed to rule on the motion filed by [Defendant] Crowder." (Doc. no. 1, p. 6.) According to Plaintiff, Judge West's "failure to rule violates statutory law," and Plaintiff's evidentiary hearing and the relief sought in his state habeas petition "is being purposefully impeded." (Id.) Plaintiff alleges that his continued detention is unlawful because his conviction is "void under the Equal Protection Clause" (doc. no. 1, p. 7), and the date of his release, "absent the illegal life sentence, was June 12, 2012" (doc. no. 7, p. 3).

Plaintiff seeks injunctive relief, including an order prohibiting Judge West from denying Plaintiff's state habeas petition without an evidentiary hearing. (Doc. no. 1, p. 7.) Plaintiff also seeks declaratory relief stating his "constitutional entitlement to a[n] evidentiary hearing and that such hearing be conducted expeditiously." (Doc. no. 7, p. 4.)

B. DISCUSSION

1. Plaintiff Is Not Entitled to the Relief Sought

Setting aside for the moment the issue of whether he states a viable claim, Plaintiff is not entitled to the relief sought within his complaint. Plaintiff seeks declaratory and injunctive relief related to his claim that he is being unlawfully denied an evidentiary hearing on his state habeas corpus petition.

First, to the extent Plaintiff requests that the Court enjoin Judge West from taking a particular action in his state habeas case (deny the petition without a hearing) or compel him to do so (provide Plaintiff an evidentiary hearing), the Court lacks jurisdiction to grant the relief sought. This is, in essence, a request for a writ of mandamus. See, e.g., Virgess v.

3

Hardaway, Civil Action NO. 12-0164-WS-N, 2012 WL 2277602, at *2 (S.D. Ala. June 4, 2012), *adopted by* 2012 WL 2276995 (S.D. Ala. June 18, 2012) (construing requests in § 1983 complaint that court order state court to respond to postconviction petition or schedule an evidentiary hearing on that petition as "essentially a request for the writ of mandamus").

However, "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers *in the performance of their duties* where mandamus is the only relief sought." Moye v. Clerk, Dekalb County Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973);[2] see also Campbell v. Gersten, 394 F. App'x 654, 654 (11th Cir. 2010) (*per curiam*) (district court did not err in denying motion for preliminary injunction which asked court "to compel a Florida court to reopen [plaintiff's] proceedings to vacate his conviction" because, *inter alia*, it "lacked authority to issue a writ of mandamus to compel the state court and its officers" to do so). Accordingly, the Court cannot compel Judge West to take or refrain from any particular action in Plaintiff's pending state habeas corpus case.

Furthermore, to be entitled to injunctive and declaratory relief at all, a plaintiff "must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." Bolin v. Story, 225 F.3d 1234, 1242-43 & n.7 (11th Cir. 2000) (finding that plaintiffs were not entitled to equitable relief against federal prosecutors or judges where they could "appeal any rulings, or actions taken, in their criminal cases" and could "seek an extraordinary writ such as a writ of mandamus").

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Here, Plaintiff falls well short of establishing the third requirement, that he lacks an adequate remedy at law. Rather, it appears that Plaintiff may at least seek mandamus relief in the Georgia courts. See O.C.G.A. § 9-6-20; see also Jackson v. Walker, 206 F. App'x 967, 969 (11th Cir. 2006) (*per curiam*) (explaining, in context of 28 U.S.C. § 2254 petition, remedies available under Georgia law when a state court judge fails to rule on a motion or schedule a hearing in a habeas corpus proceeding). Indeed, Plaintiff acknowledges that he could seek a writ of mandamus, but he asserts that he should not be required to because the remedy is "discretionary in nature and requires no mandatory determination in a judgment." (See doc. no. 7, p. 3.) Notably, however, Plaintiff does not assert that he has actually been denied mandamus relief, or indeed that he has even sought any relief in the Georgia courts for the issues alleged in his complaint. Accordingly, Plaintiff is not entitled to the injunctive and declaratory relief sought in his complaint regarding the denial of an evidentiary hearing in his pending state habeas corpus proceeding, and his complaint is due to be dismissed on this basis alone.

## 2. Plaintiff Fails to State a Claim under § 1983

Even if the Court could provide the relief sought, however, Plaintiff fails to state a viable § 1983 claim upon which relief may be granted. Plaintiff claims that Defendants have conspired to purposefully deny him an evidentiary hearing on his state habeas corpus petition, and have thus also denied him access to the courts. The Court will address each of these claims in turn.[3]

---

[3]Of note, the doctrines of judicial and prosecutorial immunity alone do not bar Plaintiff's claims against Judge West or Defendant Crowder, because he seeks declaratory relief and not damages. See 42 U.S.C. § 1983 ("[I]n any action brought against a judicial

### a. Failure to State a Claim for Conspiracy

First of all, an attempted conspiracy claim supported only by conclusory, vague, and general allegations is subject to dismissal. Kearson v. S. Bell Tel. & Tel. Co., 763 F.2d 405, 407 (11th Cir. 1985) (*per curiam*); see also Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) ("[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory. . . It is not enough to simply aver in the complaint that a conspiracy existed."). To prevail on a conspiracy claim under § 1983, a plaintiff must (1) show that the parties had a "meeting of the minds" or reached an understanding to violate the plaintiff's rights and (2) prove an actionable wrong to support the conspiracy. Bailey v. Bd. of Cnty. Comm'rs of Alachua County, 956 F.2d 1112, 1122 (11th Cir. 1992). "[T]he linchpin for conspiracy is agreement, which presupposes communication . . . ." Id. Here, Plaintiff does not offer any specifics on when or how an agreement between any persons, let alone an agreement involving Defendants, may have been reached to violate Plaintiff's rights.[4] Accordingly, Plaintiff has failed to state a viable conspiracy claim against

---

officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."); see also Esesnoy v. McMillan, No. 06-12580, 2007 WL 257342, at *1 n.5 (11th Cir. Jan. 31, 2007) (*per curiam*) ("Because [plaintiff] specifically requests declarative relief, judicial immunity protects the [state judges] only from [plaintiff's] request for injunctive relief. But § 1983 does not explicitly bar [plaintiff's] request for declarative relief."); Tarter v. Hury, 646 F.2d 1010, 1012 (5th Cir. Unit A June 1981) (noting that prosecutors are not immune to claims for declaratory and injunctive relief).

[4]Plaintiff also states that he is attempting to state a claim under § 1985. To do so, however, a plaintiff must allege, in addition to a conspiracy, that "the conspirators were motivated by . . . racial, or otherwise class-based, invidiously discriminatory intent." Kearson, 763 F.2d at 407 (quoting Almon v. Sandlin, 603 F.2d 503, 505 (5th Cir. 1979)). Plaintiff alleges no facts suggesting that any purported conspiracy was motivated by discriminatory intent, and thus fails to state a claim under § 1985.

Defendants.

### b. Failure to State an Access to the Courts Claim

Plaintiff also appears to allege that Defendants are violating his right to access the courts. Specifically, Plaintiff asserts that Defendant Crowder filed a "frivolous" motion to dismiss, and that Judge West has allowed that motion to remain pending without a ruling, in order to "purposefully" prevent Plaintiff from receiving an evidentiary hearing. (Doc. no. 1, p. 6.)

To state a claim for denial of access to the courts, a plaintiff must allege that the actions of a defendant acting under the color of state law "hindered . . . 'efforts to proceed with a legal claim in a criminal appeal, post conviction matter, or civil rights action seeking to vindicate basic constitutional rights.'" Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998) (quoting Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996) (*per curiam*)). That having been said, the Court is not aware of any authority for the doubtful proposition that an attorney for the state denies a plaintiff access to the courts simply by opposing his petition for habeas corpus relief with a motion to dismiss.

The same holds for Plaintiff's claim that Judge West somehow denied him access to the courts by failing to timely rule on Defendant Crowder's motion to dismiss and allowing Plaintiff's petition for habeas corpus relief to remain pending. Indeed, at least one court considering a similar claim observed that "it does not appear that the lack of a ruling by the state court [on a motion for post-conviction relief] implicates any constitutionally protected right." Barnes, 2012 WL 1252700, at *1.

Moreover, to the extent Plaintiff alleges that Defendants' conduct was undertaken

7

"purposefully" to deny him an evidentiary hearing, such conclusory allegations, grounded in nothing more than Plaintiff's speculation, are insufficient to state a viable claim. See Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (noting that conclusory allegations are not entitled to an assumption of truth in determining whether a complaint states a claim upon which relief may be granted); Fullman, 739 F.2d at 556-57 (11th Cir. 1984) ("[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory.").[5]

In sum, Plaintiff seeks relief in his complaint to which he is not entitled, either because this Court lacks the power to grant it or because he otherwise has available remedies in the Georgia courts that he has not utilized. Even if the Court could grant the relief sought, however, Plaintiff has failed to state a viable claim against Defendants. Thus, Plaintiff's complaint should be dismissed in its entirety.[6]

---

[5]Plaintiff asserts that he is "entitled" to an evidentiary hearing on his state habeas corpus petition. (Doc. no. 7, p. 4.) To the extent Plaintiff may contend that denial of his habeas corpus petition without an evidentiary hearing would deprive him of due process, the Court notes that, regardless of the viability of such a claim under § 1983, Plaintiff does not allege that his petition has been denied without a hearing. Rather, Plaintiff has asked the Court to compel the state court to provide him a hearing before denying his petition, which, as noted supra Part I. B. 1, the Court cannot do.

The Court also notes that Plaintiff cites the Equal Protection Clause of the Fourteenth Amendment in his "Statement of Jurisdiction." (See doc. no. 7, p. 2.) The only allegation Plaintiff makes in this respect, however, is that his conviction is "void under the Equal Protection Clause." (Doc. no. 1, p. 7.) To the extent Plaintiff may be attempting to challenge his conviction in this action, however, such a claim is not cognizable under § 1983. Heck v. Humphrey, 512 U.S. 477, 483 (1994); see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983).

[6]Accordingly, even if it were not subject to denial as moot based on the recommendation that this case be closed, Plaintiff's "Motion to Request Service of Process"

8

## II. MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF

The Court also notes that Plaintiff has filed multiple motions for a preliminary injunction. (See doc. nos. 8, 9, 12-2.) Because Plaintiff's complaint should be dismissed for the reasons set forth above, these motions for preliminary injunctive relief should be **DENIED AS MOOT**.

Furthermore, even if Plaintiff's motions for preliminary injunctive relief were not moot, they would still be subject to denial. First of all, Plaintiff requests in these motions that the Court order that he be provided an evidentiary hearing in his state habeas corpus proceeding. (See doc. no. 8, p. 2; doc. no. 9, p. 2.) Thus, as discussed in greater detail supra, these motions are due to be denied because the Court cannot compel the state court to take a particular action in his pending habeas corpus case. See Part I. B. 1.

Moreover, a party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States

---

(doc. no. 10) should be denied, as he fails to state a claim and, therefore, is not entitled to have the Court direct the United States Marshal to serve his complaint on Defendants pursuant to 28 U.S.C. § 1915(d).

9

v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

As explained above, Plaintiff has not stated a viable § 1983 claim against Defendants. Thus, he has fallen well short of demonstrating a substantial likelihood of success on the merits of such a claim, which is a requisite element for establishing entitlement to preliminary injunctive relief. See All Care Nursing Serv., Inc., 887 F.2d at 1537. For these reasons, Plaintiff's motions for preliminary injunctive relief are without merit in addition to being moot.[7]

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for a preliminary injunction (doc. no. 8), "Amendment for Order to Show Cause" (doc. no. 9), "Motion to Request Service of Process" (doc. no. 10), and his "Motion for Evidentiary Hearing Upon Request for a Preliminary Injunction" (doc. nos. 12-1, 12-2) be **DENIED AS MOOT**, and that this case be **DISMISSED** for failure to state a claim upon which relief may be granted and **CLOSED**.

SO REPORTED and RECOMMENDED this 24th day of January, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[7]Accordingly, Plaintiff's "Motion for Evidentiary Hearing Upon Request for a Preliminary Injunction" should be **DENIED AS MOOT** on this basis as well, since Plaintiff is plainly not entitled to the relief sought in his motions for a preliminary injunction. (Doc. no. 12-1.)

10